Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS, HENDRICKS,
POIROT & SMITHAM, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Direct Dial: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

Attorneys for Marilyn Garner, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| IN RE: § § § SUPERIOR LUBRICANTS TRANSPORT § INC., § *a/k/a* Superior Transport, § § DEBTOR. § § | Case No. 16-42146-rfn-7 |

# MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH JERRI A. GOODEN, JGOODEN, LLC AND BRYAN AUSTIN PURSUANT TO RULE 9019(a)

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON FEDERAL BUILDING, 501 W. TENTH STREET, FORT WORTH, TX 76102 BEFORE CLOSE OF BUSINESS ON OCTOBER 19, 2017, WHICH IS AT LEAST TWENTY-FOUR (24) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

COMES NOW, Marilyn Garner, Trustee (the "Trustee") of the above-captioned Chapter 7 Bankruptcy Estate (the "Estate"), and files this, her **Motion for Approval of Compromise and**

**Settlement with Jerri A. Gooden, JGooden, LLC and Bryan Austin pursuant to 9019(a)** (the "Motion"), and in support thereof would show this Court as follows:

## I.
## JURISDICTION

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334.

2. This Motion involves the settlement and compromise of certain claims, causes of action, and assets of this Estate and thus is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), and (H).

## II.
## INTRODUCTION & UNDERLYING FACTS

3. Superior Lubricants Transport, Inc. a/k/a Superior Transport, (the "Debtor") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on June 2, 2016.

4. The Trustee brought an adversary proceeding (16-04143) against JGooden, LLC and Jerri A. Gooden, individually (collectively the "Defendants") for the avoidance of the Debtor's transfer of all of its real estate scheduled with a value of $1,100,000.00. The Trustee's adversary seeks to recover the real estate free of any claims of Defendants or, alternatively, value of the real estate transferred.

5. The Defendants also jointly filed Claim No. 12 in these proceedings seeking a claim in excess of $2 million. The Trustee objected to their claim and that contested matter was joined into the adversary proceeding.

6. Additionally, another principal of the Debtor, Bryan Austin, ("Austin") was involved in various transaction of the Debtor and had also filed Claim No.11, which the Trustee contests as to amount and priority, although a formal objection has not yet been filed.

7. The parties all believe that it is in the best interest of the Estate for the Trustee to regain possession of the transferred real estate and to conduct a commercially reasonable sale of the same, subject to the present commercial lease on the property.

8. In light of the uncertainty and costs of trial, the Trustee believes it is in the best interest of this bankruptcy estate to compromise upon the terms and conditions set forth in that certain Trustee's Compromise and Settlement Agreement Pursuant to Rule 9019 with JGooden, LLC, Jerri A. Gooden and Bryan Austin (a copy of which is attached hereto as **Exhibit "A"**; the "Settlement Agreement"). To the extent of any inconsistency between the terms of this Motion and the Settlement Agreement, the Settlement Agreement shall control.

9. The material terms of the Settlement Agreement are that the real estate will be transferred back to the Debtor, the Trustee will list and sell the property subject to court approval, and the real estate taxes and uncontested liens will be paid from the proceeds. Jerri A. Gooden and Bryan Austin shall file all IRS returns for operations before the bankruptcy and pay a portion of the tax debt directly and shall both be allowed general unsecured claims. Defendants shall also have a right of first refusal to purchase the real estate on terms that will net the Estate at least as much as the offer the Trustee seeks to accept.

10. Trustee believes this settlement is fair, equitable, and in the best interest of the Estate based on the risks and expense of litigation. Additionally, the settlement will facilitate resolution of the additional disputed claim of Austin and permit the Trustee to more quickly get the real property listed.

11. The settlement terms set forth herein are fair and equitable in light of the following considerations set forth by the United States Supreme Court and the Fifth Circuit:

    a. The probabilities of ultimate success should the claim be litigated;

    b. The complexity, expense, and likely duration of such litigation;

      c. The need to compare the terms of the compromise with the likely rewards of litigation; and

      d. All other factors relevant to the full and fair assessment of the wisdom of the proposed compromise.

*Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968); *River City v. Herpel, (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980).

### III. CONCLUSION

12. The Trustee requests that the Court approve the Settlement Agreement under Federal Rule of Bankruptcy Procedure 9019(a).

13. The Trustee requests authority to sign all documents necessary to effectuate the settlement described herein, including the Settlement Agreement.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays for an Order of this Court granting the Motion and approving the Settlement Agreement, including the authority to sign all documents necessary to effectuate it, and for such relief, at law or in equity, to which the Trustee may show herself justly entitled.

**Motion submitted by:**

*/s/*Lyndel Anne Vargas
Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS, HENDRICKS,
POIROT & SMITHAM, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Direct Dial: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

Attorney for Plaintiff, Marilyn Garner, Trustee

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the **Trustee's Motion For Approval Of Compromise and Settlement Agreement Pursuant to Rule 9019(a)** was served this 25th day of September, 2017 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U.S. Bankruptcy Court for the Northern District of Texas and on all parties-in-interest submitting to service of papers in this case by said means and by first class mail postage prepaid on those persons listed on Exhibit B.

/s/ Lyndel Anne Vargas
Lyndel Anne Vargas