Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS, HENDRICKS,
POIROT & SMITHAM, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Direct Dial: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

Attorneys for Marilyn Garner, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPERIOR LUBRICANTS TRANSPORT INC., | § § | Case No. 16-42146-rfn-7 |
| *a/k/a* Superior Transport, | § § | Hearing Date: January 22, 2018 |
| | § | Hearing Time: 9:30 A.M |
| DEBTOR. | § § | |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL DOOLING STREET
PROPERTY FREE AND CLEAR OF DISPUTED LIENS,
<u>CLAIMS AND ENCUMBRANCES</u>**

**THE HEARING DATE ON SUCH MOTION IS SET FOR <u>9:30 A.M.</u> ON <u>JANUARY 22, 2018</u>, WHICH IS AT LEAST TWENTY-FOUR (24) DAYS FROM THE DATE OF SERVICE HEREOF, BEFORE THE HONORABLE RUSSELL F. NELMS, ON THE SECOND FLOOR OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON FEDERAL BUILDING, 501 W. TENTH STREET, FORT WORTH, TX 76102.  NO OBJECTION TO SUCH SALE WILL BE CONSIDERED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, ELDON B. MAHON FEDERAL BUILDING, 501 W. TENTH STREET, FORT WORTH, TX 76102 BY <u>5:00 P.M.</u> CENTRAL TIME ON <u>JANUARY 16, 2018</u>.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY BY <u>5:00 P.M.</u> CENTRAL TIME ON <u>JANUARY 16, 2018</u>.  IF A RESPONSE IS FILED, THE HEARING WILL BE HELD.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN WITHOUT PROCEEDING WITH THE HEARING.**

COMES NOW, Marilyn Garner, Chapter 7 Trustee (the "Trustee") in the above-referenced case by and though her undersigned counsel and makes this **Trustee's Motion for Authority to Sell Dooling Street Property Free and Clear of Disputed Liens, Claims and Encumbrances** (the "Sale Motion") and would respectfully show the Court as follows:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§1334 and 157, and this Motion represents a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (N).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1409, and authority to grant the relief requested is provided by 11 U.S.C. §363.

### II. BACKGROUND

3. On June 2, 2016, Superior Lubricants Transport, Inc., aka Superior Transport (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and shortly thereafter Marilyn Garner was appointed as Chapter 7 Trustee (hereinafter "Trustee").

4. In November of 2017 the Trustee recovered the land and building known as the Dooling Property (more specifically described in Exhibit "A" to the Commercial Contract for Sale attached hereto as Exhibit 1.)

5. As the Dooling Property is now back titled in the name of the Debtor, it is now property of the Estate which the Trustee is charged with selling.

6. After the Trustee entered into a Compromise and Settlement Agreement with princpials of the Debtor, Jerri Gooden and Byran Austin, as wll as Ms. Gooden's company, JGooden,

LLC, which provided that the Trustee would be receiving title to the Dooling Property for the purpose of sale, she applied to employ a commercial realtor to list the same.

7. On November 8, 2017, this Court authorized the employment of NAI Robert Lynn as broker and Todd Hubbard as agent to list Dooling St. property. [Doc. No. 107]

8. The public records reflect real estate taxes are due and that the Debtor had granted a first deed of trust in favor of Integra Funding Solutions, LLC ('Integra"). Although the precise amount due to Integra has not yet been determined yet, as the Trustee has objected to some of Integra's claim, the Trustee proposes to pay the allowed amount of the secured claim of Integra in full, once determined, as well as all outstanding real estate taxes on the Dooling Property at the time of closing. These sums will be finalized before the closing so the same can be paid at closing.

9. Several inquiries have been made by prospective purchasers since the Trustee filed her action to recover the Dooling Property. The Trustee also had an independent assessment of the property done by her agent, and believes that the sales price of $975,000.00 is a fair and reasonable price for the Dooling Property. Although the first offer in this sum was received from Gyant Properties, LLC, managed by Jeff Givens, JGooden, LLC exercised its first right of refusal per the Compromise and Settlement Agreement and submitted a contract on the same terms as reflected in Exhibit 1 hereto.

10. The buyer under Exhibit 1 is JGooden, LLC. JGooden, LLC has a prior relationship with the Debtor and the same was fully disclosed in the Compromise and Settlement Agreement and motion to approve the same.

11. Gyant Properties, LLC, through Jeff Givens, has also confirmed that it will keep its offer open as a back-up offer and thus, if for any reason JGooden, LLC is unable to perform and

proceed to purchase the Dooling Property, the Trustee seeks to proceed under the back-up contract offered by Gyant Properties, LLC, without the need to return to this court or give further notice.

12. The Trustee believes that the contract reflected in Exhibit 1 is fair and reasonable and has accepted the sale contract, subject to this Court's approval.

13. Time is of the essence for the Trustee to obtain an Order evidencing the buyer, price and legal description of property for the Dooling Property acceptable to the title company issuing the title insurance.

14. There are several abstracts of judgment against the Debtor recorded in Tarrant County. All such lien claims are disputed by the Trustee. Property shall be sold by the Trustee free and clear of all disputed liens claimed as a result of these abstracts. The sales price, and net proceeds after paying closing costs, realtor's commission, real estate taxes and the allowed first lien claim of Integra, will exceed the sum of the known lien claims in the abstracts of record, so such claimants are protected by their disputed liens and claims attaching to the proceeds.

15. The Trustee proposes to sell the Property to the Purchaser for the price described above and upon the terms in the contract, free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363, and from the proceeds of such sale (a) pay usual and customary closing costs, (b) pay to the holder(s) thereof, as the case maybe, any amount necessary to satisfy the property tax liens then due against the Property along with a *pro rata* share of the then current year's property taxes; (c) pay the real estate commission to NAI Robert Lynn and pay the allowed claim of Integra, to be determined before the closing.

WHEREFORE, the Trustee prays for the approval of her sale of the fee ownership of the Property to the JGooden, LLC, under the terms set forth herein, for the approval of the back-up

buyer's contract if JGooden, LLC does not perform, and for such other relief, as the Trustee may be entitled.

DATED: December 20, 2017.

Respectfully submitted,

/s/ Lyndel Anne Vargas
Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS, HENDRICKS,
POIROT & SMITHAM, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

Attorneys for Marilyn Garner, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

A Certificate of Service shall be filed contemporaneously herewith.