

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 20, 2018**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPERIOR LUBRICANTS TRANSPORT INC. | § § § | CASE NO. 16-42146-rfn7 |
| | § | |
| Debtor. | § | Chapter 7 Case |

### AGREED ORDER

Came on for consideration *Integra Funding Solutions, LLC's Motion for Determination of the Amount of Secured Claim and for Allowance of Interest, Reasonable Fees, Costs and Charges* [Doc. No. 105], and the accompanying *Application of Forshey & Prostok, LLC for Attorney's Fees and Expenses of Integra Pursuant to Section 506(b)* [Doc. No. 104], including the *Supplement* thereto [Doc. No. 127] (collectively the "Motion"). The parties have advised that both the limited objection of the Trustee and that of Claimants Gooden and Austin have been resolved and that the amount of Integra's secured claim, including interest and fees, can be established as a sum certain to be paid upon the Trustee's closing of her sale of the Dooling Street Property. With respect to the Motion, the Court finds as follows:  (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334 and that this is a "core" proceeding pursuant to 28 U.S.C. section 157(b)(2); (b) proper notice of the Motion was given and is sufficient under the circumstances; (c) Integra has reached an agreement with both Marilyn Garner, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Superior Lubricants Transport, Inc. (the "Debtor") and creditors Gooden and Austin, as evidenced by the signatures of counsel below; and (d) after due deliberation and sufficient cause appearing therefor, the Motion should be granted to the extent set forth herein.

**ACCORDINGLY,** it is hereby **ORDERED** that:

1. The Motion is hereby **GRANTED** in part, to the extent and in the manner set forth herein.

2. Capitalized terms not defined herein shall have the same meaning as in the Motion.

3. Proof of Claim No. 12 filed by Integra Funding Solutions, LLC ("Integra"), is allowed as a fully-secured claim as of February 13, 2018, as follows:

>(a) a non-interest-bearing obligation of $2,803.44 pursuant to the Factoring Agreement;

>(b) the unpaid principal balance of the Note in the amount of $169,446.20;

>(c) accrued, unpaid interest on the Note (calculated at a rate of 12% per annum) through February 13, 2018 in the amount of $37,847.40; and

>(d) allowed attorneys' fees and costs of $48,042. This shall be the entire sum of allowed attorney's fees and costs through the present court-approved sale and will be paid at closing. If the court-approved sale does not close on a timely basis, Integra reserves the right to seek any additional collection costs it incurs.

As a part of Integra's allowed secured claim, the unpaid principal balance of the Note shall bear interest from and after February 14, 2018 at the rate of 12% per annum (or a per diem of $55.71 per day) until paid.

4.       Nothing contained herein shall impair or alter Integra's right to continue to receive payments on the Lease pursuant to the Rentals Order.  All unused payments for insurance and property taxes held by Integra as of February 14, 2018 pursuant to the Rentals Order shall be paid by Integra to the Tax Assessor/Collector of Tarrant County, Texas, as a partial payment on outstanding taxes, with the funds to be applied first to the oldest outstanding property taxes. Payments of rental on the Lease paid to Integra pursuant to the Rental Order shall be applied as set forth therein.

5.       Integra agrees to accept interest on the Note at the rate of 12% per annum until paid in full satisfaction of the obligation to pay interest on the Note.  Likewise, Integra agrees to accept an award of $48,042 in full satisfaction of all collection costs in relation to the Note and Factoring Agreement through closing of the present court-approved sale.  If the buyer of the Dooling Street Property cannot close on a timely basis in accordance with the present court-approved contract of sale, Integra reserves the right to seek the allowance of additional collection costs and expenses, and both the Trustee and all parties in interest reserve the right to object to the same.

### End of Order ###

Agreed To by:

/s/ J. Robert Forshey
J. Robert Forshey
State Bar No. 07264200
Matthew G. Maben
State Bar No. 24037008
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX  76102
Telephone: (817) 877-8855
Facsimile:   (817) 877-4151
bforshey@forsheyprostok.com
mmaben@forsheyprostok.com

ATTORNEYS FOR INTEGRA FUNDING SOLUTIONS, LLC

/s/ Lyndel Anne Vargas
Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Telephone: (214) 573-7344
Facsimile:   (214) 573-7399
LVargas@chfirm.com

ATTORNEYS FOR MARILYN GARNER, CHAPTER 7 TRUSTEE


/s/ James C. Gordon
James C. Gordon
State Bar No. 08200300
GORDON & SYKES, LLP
1320 South University Dr., Suite 806
Fort Worth, TX 76107
Telephone: 817-338-0724
Facsimile:   817-338-0769
jgordon@gordonsykes.com

ATTORNEYS FOR JGOODEN, LLC AND JERRI A. GOODEN



L:\BFORSHEY\Integra (CrR - Superior) #5824\Pleadings\Agreed Order on Motion For Determination 2.14.18 v.2.docx